# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-397V
Filed: February 4, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JASMIN ROST, | * | **NOT TO BE PUBLISHED** |
| | * | |
| | * | Special Master |
| | * | Hamilton-Fieldman |
| Petitioner, | * | |
| v. | * | |
| | * | Petitioner's Motion for Dismissal |
| SECRETARY OF HEALTH | * | Decision; Insufficient Proof of |
| AND HUMAN SERVICES, | * | Causation; Vaccine Act Entitlement; |
| | * | Denial Without Hearing. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Thomas P. Gallagher, Somers Point, NJ, for Petitioners.
Justine Daigneault, Washington, DC, for Respondent.

### DISMISSAL DECISION[1]

On June 13, 2013, Jasmin Rost ("Petitioner") filed a petition for Vaccine Compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] ("Program"). Petition ("Pet") at 1, ECF No. 1.

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42. U.S.C. §300aa (2006).

1

The undersigned filed the Initial Order in this case on June 14, 2013. Order, ECF No. 4.  Counsel for Respondent, Justine Daigneault, made an appearance on June 25, 2013. Notice, ECF No. 5.

On June 27, 2013, medical records were filed in this case, labeled as Exhibits one through five.[3] Filing, ECF No. 6. On July 17, 2013, the undersigned filed a Scheduling Order following a status conference, instructing Petitioner that Petitioner's outstanding medical records, medical literature, statement of completion, or status report, detailing the status of record collection, would be due by September 18, 2013. Order, ECF No. 8. On July 24, 2013, Petitioner filed records from the "Minute Clinic," labeled as Exhibit 6. Filing, ECF No. 9.  Petitioner filed additional medical records on August 14, 2013, labeled as Exhibits seven through nine, along with a statement of completion. Filing, ECF No. 10; Statement of Completion, ECF No. 11.

On October 31, 2013, the undersigned issued a Scheduling Order, instructing Respondent to file a Rule 4(c) Report by no later than December 4, 2013. Order (Non-PDF), Oct. 31, 2013.   On December 3, 2013, Respondent's counsel filed a Motion for Order to Show Cause and Respondent's Report. Motion, ECF No. 15. In this Motion, Respondent's counsel stated that Respondent moves for "an order to show cause why this case should not be dismissed because there is no evidence in the record, let alone preponderant evidence, that a vaccine-related injury occurred." *Id.* at 1.

On January 15, 2014,  Petitioner's counsel filed Exhibit ten as a photograph of Petitioner. Filing, ECF No. 16.  A status conference was held on January 16, 2014, to discuss next steps in this case. Minute Entry, Jan. 16, 2014. An Order to Show Cause was thereafter issued on January 17, 2014, instructing Petitioner that no evidence existed in the record that a vaccine-related injury occurred in Petitioner's case; the undersigned instructed Petitioner to file outstanding German medical records, as discussed at the status conference, or otherwise indicate why this case should not be dismissed for failure to prosecute, within 35 days. Order at 2, ECF No. 17.

On January 30, 2014, Petitioner filed a "Motion For A Decision Dismissing Her Petition." Motion, ECF No. 18. In this Motion, Petitioner's counsel stated that after an investigation of the science and facts of this case, Petitioner would be unlikely to prove that she is entitled to compensation under the Vaccine Program.  Motion at 1, ECF No. 18.

---

[3] Exhibit 1: Verification of Vaccination; Exhibit 2: Records from Fairlawn Medical Attention Center, P.A.; Exhibit 3: Records from Dr. Sema Bank-Comprehensive Women's Care; Exhibit 4: Records from Dr. Sandy Milgraum; Exhibit 5: Records from Closter Medical Group, P.A.

To receive compensation under the Program, Petitioner must prove either: 1) that she suffered a "Table Injury"- i.e., an injury falling within the Vaccine Injury Table- corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine.  *See* §300aa-13(a)(1)(A) and §300aa-11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Act, Petitioner may not be given a Program award based solely on the Petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1).  In this case, because there are insufficient medical records supporting Petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

       /s/ Lisa D. Hamilton-Fieldman
       Lisa D. Hamilton-Fieldman
       Special Master

---

[4] To preserve whatever right Petitioners may have to file a civil action in another court, they must file an "Election to File a Civil Action" which rejects the judgment from this court within 90 days of the date judgment was filed.